# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cr-00177-TWP-MJD |
| | ) Case No. 1:19-cr-00012-TWP-MJD |
| BRADLEY GULLEDGE, | ) ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

This matter is before the Court on Defendant Bradley Gulledge's ("Gulledge") Motion to Suppress (Filing No. 28). Gulledge is charged by indictment in Case No. 1:19-cr-00177-TWP-MJD with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), possession with intent to distribute methamphetamine, and 18 U.S.C. § 922(g)(1), unlawful possession of a firearm by a felon.[1] (Filing No. 1.) He seeks to suppress all evidence obtained by the Government, directly or indirectly, as a result of involuntary statements made under sleep deprivation and intoxication. As a preliminary matter, the Court finds there is no material dispute concerning the facts and the Motion raises a purely legal question; therefore no evidentiary hearing is required. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court now states its findings of fact and conclusions of law and determines that the Motion to Suppress should be **denied**.

### I. FINDINGS OF FACT

The relevant facts are corroborated by video recordings of the interrogation.

---

[1] On January 8, 2019, Gulledge was indicted and charged with one count of possession with intent to distribute methamphetamine, violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and three counts of unlawful possession of a firearm by a felon, violating 18 U.S.C. § 922(g)(1), under Case No. 1:19-cr-00012-TWP-MJD. The Indictment alleges incidents that occurred on August 29, 2018. As Case No. 1:19-cr-00177 alleges acts that occurred on September 10, 2018, the date of the statement sought to be suppressed, all docket citations in this Entry will refer to documents filed in this case and this ruling will apply to both cases.

On September 10, 2018, Indiana State Police officers obtained a search warrant for an address on North Ritter Avenue, Indianapolis, Indiana, to recover a cell phone. Upon making entry into the residence, multiple individuals, including Gulledge, were located. During the course of clearing the residence, a Glock pistol was observed in plain view in the living room. During a search for the cell phone, a plastic bag containing methamphetamine and a digital scale were located in plain view. An additional search warrant was applied for and obtained. During that search, approximately six ounces of methamphetamine, a Glock .40 caliber pistol (reported stolen), and assorted other items were located.

Gulledge was transported to the Lawrence Police Department and placed in an interview room where he was read his *Miranda* rights. During the reading of his *Miranda* rights, the detective advised Gulledge that he had the right to stop the questioning at any time. The detective asked Gulledge did he understand his rights and Gulledge replied "yes." The officer inquired "are you okay with answering or listening to our questions" and Gulledge replied "yes," and proceeded to speak to the detectives. Gulledge was interviewed for several hours and the interview was recorded. The Government is only seeking to admit the first 8 minutes of the interview as evidence for trial, lasting from 10:53 pm to 11:01 pm. (Filing No. 36 at 2.) During that portion of the interview, Gulledge admitted to handling the firearm that was seized and also admitted to possession of methamphetamine located in the residence. Later in the interview, Gulledge twice stated that he was "done talking"; however, the officers continued the interrogation.

## II. CONCLUSIONS OF LAW AND DISCUSSION

Gulledge argues that all statements he made during the interview were obtained in violation of the Fifth Amendment to the Constitution of the United States, as his waiver was made

involuntarily. He asks the Court to suppress all evidence recovered by the Government, directly or indirectly, because of involuntary statements and due to sleep deprivation and intoxication.

The Fifth Amendment to the Constitution of the United States protects individuals from being compelled to testify against themselves. The Government's burden under *Miranda v. Arizona*, 384 U.S. 436 (1966), is to prove that Gulledge voluntarily made a knowing and intelligent waiver of his rights. The rule of *Miranda* requires exclusion from evidence, any statements made by a suspect during a custodial interrogation unless the suspect was informed of, and waived, specified constitutional rights. *See*, e.g., *United States v. Podhorn*, 549 F.3d 552 (7th Cir. 2008). The test for a voluntary confession is whether the defendant's will was overborne at the time he confessed. *United States v. Haddon*, 927 F.2d 942, 945–46 (7th Cir. 1991).

In determining whether a statement is voluntary, knowing and intelligent, the Court looks at the totality of the circumstances based on the undisputed facts presented. The totality of the circumstances test looks to the entire interrogation, not one specific act by the police or the condition of the suspect. *Light v. State*, 547 N.E.2d 1073, 1079 (Ind. 1989). There are multiple factors that a court can consider when determining the voluntariness of a statement post-*Miranda*, including for example: intoxication, sleep deprivation, and being under the influence of drugs. However, "a defendant's intoxication . . . by itself—without some showing of coercion by the government—will not negate voluntariness." *United States v. Chrismon*, 965 F.2d 1465, 1469 (7th Cir. 1992). Instead, "[a] diminished mental state is only relevant to the voluntariness inquiry if it made mental or physical coercion by the police more effective." *Id*. (citing *Anderson v. Thieret*, 903 F.2d 526, 530 n.1 (7th Cir. 1990)). Thus, "intoxication by itself c[an] not support a finding of involuntariness and is relevant only to the extent it made [a defendant] more susceptible

to mentally coercive police tactics." *Anderson*, 903 F.2d at 530 n.1; *see also United States v. Toro*, 359 F.3d 879, 885 (7th Cir. 2004).

Gulledge argues the Government cannot prove its burden, and therefore, the waiver of his rights violated the Fifth Amendment. He asserts that while he waived his *Miranda* rights, the waiver was involuntary because he was experiencing the aftereffects of methamphetamine use and significant sleep deprivation, making him too intoxicated and tired to voluntarily waive his rights. ([Filing No. 29 at 3](#).) Gulledge relies on *United States v. Brooks*, 125 F.3d 484, 491 (7th Cir. 1997). In *Brooks*, the defendant argued the waiver of his *Miranda* rights was involuntary due to being "too sleepy, too high on crack cocaine, and in too much pain to be mentally capable of executing a knowing and intelligent waiver." Brooks stated that he was under the influence of crack cocaine or its aftereffects at the time he waived his rights. *Id*. at 491. The court, however, reasoned that the defendant was alert and coherent during the interview, never complaining about pain, and gave no indication that he was sleep-deprived or high at the time of the interview. *Id*. The court made note that "narcotics, alcohol and fatigue may be factors to be considered in a particular case, however the test for voluntariness of the statement is whether the claimed impairments caused the defendant's will to be overborne." *Id*. at 492. Unless a defendant's demeanor in evidence (such as interview videotapes) is non-responsive from clear lack of sleep, a defendant's lack of sleep but continued coherent responses will not invalidate a waiver of *Miranda* rights.

Looking at the totality of the circumstances, the record does not support Gulledge's position. Gulledge asserts that he was monotone throughout the entire questioning process, often looking away and rubbing his eyes and face. He argues that it is clear from the tapes that his speech was delayed after questions and often slurred. ([Filing No. 29 at 3](#).) The Government asserts persuasively that a review of the tapes does not support such assertions. ([Filing No. 36 at 5](#).)

4

The Court has reviewed the video interview, including at stamp 10:53-11:01. Gulledge's speech is not slurred and there are no visible signs of exhaustion. Any monotony in his voice is not indicative of intoxication or sleep deprivation. Throughout the interview, Gulledge responsively answers questions posed to him, he appears coherent and offers unsolicited but relevant details to the detectives. Although he explains in his brief that he has a prolonged and ongoing issue with drug use and had recently been using methamphetamine up to his arrest, Gulledge made no claims of exhaustion or intoxication during the interview. When questioned about the methamphetamine found during the search, Gulledge casually states "I do meth" and then discusses that he sells meth, and denies that all of the meth seized belonged to him. He appears alert, cooperative and attentive during the interview. ███████████████████████████████████████████████████████████████████████████████. When they discuss the firearm located inside the house, he gives immediate and definitive answers about the item. He denies that the gun is his, but states that he may have "constructively" possessed it at some point. His ability to accurately recall legal terminology and details, was well as his demeanor, show no indication that he is so exhausted or "high" that he could not give a voluntary waiver.

Importantly, Gulledge does not allege any coercive police tactics, and none are exhibited in the video. As noted above, "a defendant's intoxication . . . by itself—without some showing of coercion by the government—will not negate voluntariness." *Chrismon* at 1469. Accordingly, any voluntary intoxication and sleep deprivation he might have experienced does not alleviate Gulledge of having waived his *Miranda* rights.

Gulledge also asserts that he told the officers that he was "done talking" on two occasions during the interview, but the officers continued interrogating him. This evidence is not disputed.

5

Gulledge states the ignorance of his requests was also a violation of his Fifth Amendment rights. ([Filing No. 29 at 4](#).) He notes that the court in *Powell v. State*, 898 N.E.2d 328, 337-38 (Ind. Ct. App. 2008), stated that the invocation must be unequivocal, clear, and not merely an expression of his reluctance to speak. He also explains that in *Wilkes v. State*, 917 N.E. 2d 675, 682-83 (Ind. 2009), the assertion is also not sufficient if the defendant voluntarily continues to talk, without further police prompting. Gulledge correctly asserts that the phrase "I'm done talking," is a clear assertion of his right to silence and the continued questioning by the officers should be considered a violation of his *Miranda* rights. *Id*.

The Government responds in opposition arguing the statements that they seek to introduce as evidence were voluntary. The Government points out, and it is undisputed, that Gulledge did not make any attempt to stop the interview during the eight-minute period that it is seeking to admit into evidence. The Government contends the Court need not address contested portions of the interview with Gulledge because it is not included in the evidence the Government intends to offer during trial. ([Filing No. 36 at 6](#).)

Because the Government is only seeking the admission specific portion of the interview, the question before the Court on this issue is whether Gulledge's *Miranda* rights were violated in the first eight minutes of the interrogation. The Court concludes that the portion of the interview statement the Government seeks to offer was made voluntarily. Two officers interrogated Gulledge on the night of September 10, 2018, after obtaining two search warrants and discovering a firearm and methamphetamine. Prior to any questioning, Gulledge was read his *Miranda* warnings and indicated that he understood his rights. The video shows that without hesitation, he agrees to speak with officers. The video corroborates that the statements made during the first eight minutes of

Gulledge's interview were voluntary statements. Accordingly, there is no Fifth Amendment violation.

### III. CONCLUSION

While Gulledge asserts to have been severely intoxicated and sleep deprived during the interview, his conduct in the interview does not suggest this to be the case. In addition, the evidence the Government seeks to admit was made pursuant to Gulledge's voluntary waiver of his *Miranda* rights. For the reasons explained above, the Motion to Suppress, (Filing No. 28), is **DENIED**.

The Clerk is directed to file a copy of this Entry in Case No. 1:19-cr-00012-TWP-MJD.

**SO ORDERED.**

Date: 9/14/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
Pamela.domash@doj.gov